UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BARON JOHNSON (#316875)                       CIVIL ACTION

VERSUS

JAMES M. LeBLANC, ET AL.                   NO. 13-0454-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, n May 19, 2014.

                                                              RICHARD L. BOURGEOIS, JR.
                                                              UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BARON JOHNSON (#316875)                                    CIVIL ACTION

VERSUS

JAMES M. LeBLANC, ET AL.                                   NO. 13-0454-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On or about July 1, 2013, the *pro se* plaintiff, a prisoner previously confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, the Louisiana Department of Public Safety and Corrections, the State of Louisiana, Warden Burl Cain and Governor Bobby Jindal, complaining that his constitutional rights had been violated as a result, *inter alia*, of excessive force, retaliation, and deliberate medical indifference at LSP.

Pursuant to correspondence dated July 24, 2013, the Clerk of Court instructed the plaintiff that he must, within twenty-one (21) days, resubmit his Complaint, identifying the parties where appropriate on the Court's Complaint form. *See* Rec. Doc. 6. Attached as an exhibit to the Court's correspondence were copies of pages 1 and 4 of the plaintiff's original Complaint, and the Court's correspondence specifically advised the plaintiff:

> The names of <u>All</u> parties must be listed on the front of your Complaint as well as in Part III of your Complaint. <u>DO NOT USE "ET AL"</u>. The names of <u>ALL PARTIES MUST BE LISTED IN BOTH PLACES EXACTLY THE SAME</u>.

*Id.* The referenced correspondence also specifically advised the plaintiff that, "FAILURE TO AMEND THE PLEADINGS AS INDICATED WILL RESULT IN DISMISSAL OF YOUR SUIT BY THE COURT WITHOUT FURTHER NOTICE." *Id.* Thereafter, on or about

September 3, 2013, the referenced correspondence was re-mailed to the plaintiff at a new record address after the plaintiff notified the Court that he had been transferred from LSP to the Jefferson Parish Correctional Center in Gretna, Louisiana. *See* Rec. Docs. 7 and 9.

A review of the record by the Court now reflects that, despite notice and an opportunity to appear, the plaintiff has failed to respond to the Court's directive as instructed. Instead, he has forwarded a hand-written document to the Court which does not in any way comply with the Court's directive. *See* Rec. Doc. 10. Specifically, the document appears to be a proposed amendment to the plaintiff's Complaint which omits two of the original defendants, adds several new defendants who are not located within the Middle District of Louisiana, and seeks to add claims relative to events allegedly occurring at his new place of confinement. Therefore, this action should be dismissed, without prejudice, for failure of the plaintiff to correct the deficiency of which he was notified.

## RECOMMENDATION

It is recommended that the above-captioned proceeding be **DISMISSED,** without prejudice, because of the plaintiff's failure to comply with the Court's directive and correct the deficiency of which he was notified.

Signed in Baton Rouge, Louisiana, on May 19, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**